IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH,
BRANDIE HENSMAN, and
LINDA MARTINEZ,

    Plaintiffs,

v.

JERRY BALDWIN, *et al.*,

    Defendants.

_____

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND TO JOIN ADDITIONAL PARTIES**
_____

Before the Court is Plaintiffs' Motion to Amend Complaint and to Join Additional Parties [Docket #41]. The matter is briefed and has been referred to this Court [Docket #42]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants** Plaintiffs' Motion to Amend.

**I.**    **Facts**

Plaintiffs were incarcerated at Brush Correctional Facility and alleged that they were sexually harassed and assaulted by Defendant Jerry Baldwin. The other named Defendants are supervisors and others in control of the Facility.

Plaintiffs seek to amend their Complaint in the following manner:

1.    Add Bobbi Arnold as a fourth Plaintiff with the same allegations against Defendant Jerry Baldwin. These claims are not asserted against the state defendants because Ms. Arnold was a Wyoming inmate during the relevant time period.

2.    Substitute Dick Mills as a Defendant because he oversaw the GRW facility in place

>   of Defendant Steve Hargett because Plaintiffs have learned he did not have day to day management of GRW.
>
> 3.   Correct the spelling of the names of Defendant John Bongirno (currently spelled incorrectly as "Bongiorno") and Defendant Rick Soares (currently spelled incorrectly as "Swores").

The GRW/Brush Defendants oppose this motion because Plaintiffs did not attach the Proposed Amended Complaint to their Motion to Amend. Defendants further question whether Ms. Arnold has met the requirements of the Prison Litigation Reform Act ("PLRA"). Defendants also point out that Plaintiff's new allegations depend in part on more discovery, such as "If Wyoming department of Corrections had a contract directly with GRW, then the City Defendants would not be named as defendants by Ms. Arnold." Response at ¶ 5, quoting Motion to Amend at 2. Defendants also point to the potential prejudice against an additional Defendant who will not enter the case until after the Scheduling Order has been issued.

In reply, Plaintiffs clarify that they will dismiss Mr. Hargett and substitute Mr. Mills. Additionally, Ms. Arnold will not bring claims against the City Defendants, and Ms. Hensman will dismiss her claims against the City Defendants as well. Plaintiffs also argue that the Local Rules do not require them to attach a Proposed Amended Complaint to their Motion to Amend, that Defendants knew of Plaintiffs' desire to add Ms. Arnold, and that Mr. Mills will not be prejudiced by entering the case after the Scheduling Order because he will be represented by the same counsel as other Defendants already appearing in this case.

## II.   Discussion

The Scheduling Order governing this case sets the deadline for joinder of parties and amendment of pleadings as September 26, 2006. Because Plaintiffs' Motion is filed within this time

frame, the Court's analysis is governed by Rule 15(a), which requires that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe corp.*, 691 F.2d 449, 456 (10th Cir. 1982). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

As an initial matter, the Local Rules do not require Plaintiffs to attach a Proposed Amended Complaint to their Motion to Amend. D.C.Colo.LCivR. 7.1. *Cf. Navis v. Via Christi Reg'l Med. Ctr.*, No. 03-2568, 2004 U.S. Dist. LEXIS 8053 (D. Kan. April 20, 2004) (applying D. Kan. R. 15.1(a), which requires a proposed amended complaint to be attached to the motion to amend). Nonetheless, it is more difficult for the Court to properly address Plaintiffs' arguments without such a document being presented to the Court.

Regarding Ms. Arnold's claims, Defendants express concern that this could change the nature of the case and that she may not meet the requirements of PLRA because they have not been given the opportunity to respond to a Proposed Amended Complaint. Plaintiffs reply that Ms. Arnold has exhausted her administrative remedies under PLRA, her claims relate to the same time period, and are against the same principal actor and his supervisors. Plaintiffs further state that "she would put on the exact same evidence and witnesses." Reply at 3. At this stage of the case, when discovery has just begun, the Court believes allowing Ms. Arnold to join this case will further judicial efficiency and economy. Undoubtedly, if Defendants learn Ms. Arnold has not met the requirements under PLRA, they can file a motion to dismiss based on the evidence available. At this juncture, counsel

for Plaintiffs' representations that these requirements have been met will suffice, just as they would had they been included in a Proposed Amended Complaint.

Regarding the substitution of Mr. Mills for Mr. Hargett, Defendants argue that Plaintiffs are equivocal as to which person is the proper defendant. In reply, Plaintiffs state that instead of naming both individuals, they would substitute Mr. Mills for Mr. Hargett, based on counsel for Defendants' representation that Mr. Mills supervised the GRW facility at the relevant time period. The Court sees no prejudice in ensuring the appropriate supervisor is a named Defendant when the discovery period has just begun. *See York v. Cherry Creek Sch. Dist. No. 5*, 232 F.R.D. 648, 650 (D. Colo. 2005).

No one disputes that the names of Defendants John Bongirno and Rick Soares should be spelled correctly, and the caption of this case should be changed accordingly.

### III.   Conclusion

For the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Amend and to Joint Additional Parties [Filed June 07, 2006; Docket #41] is **granted**. Plaintiffs shall file an Amended Complaint consistent with this Order on or before July 31, 2006.

Dated at Denver, Colorado, this 19th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge