IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02521-WYD-MEH

PAGE PENK,

    Plaintiff,

v.

THE HONORABLE DENNIS BRINKER, President, Colorado State Land Board,

    Defendant.

---

### RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND

---

Before the Court is Plaintiff's Emergency Motion to Amend and to compel Defendant to produce certain records [Docket #13]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.    Facts**

Plaintiff Page Penk's original Complaint addresses the plans of the State Land Board to develop portions of the Old Lowry Bombing Range. Plaintiff alleges that the State Land Board failed to consider the affect this development could have on individuals with mental disabilities, as allegedly required by the Americans with Disabilities Act, and refused to allow him to address his concerns at a public meeting in violation of his First Amendment Rights. After filing his initial complaint and prayer for relief, Plaintiff filed an Amended Complaint on December 19, 2006 [Docket #2]. The Amended Complaint includes a claim for damages as well as Plaintiff's demand for a jury trial.

Plaintiff's instant motion seeks to add former Governor Bill Owens as a Defendant in this lawsuit because, as Plaintiff states, "I want the governor of the great state of Colorado to provide an

answer, in writing, as to how he thinks extending the auto-grid into the Old Bombing Range effects communities, specifically the Black Community." Dock. #13, p. 4.

**II.     Discussion**

Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Court should deny a motion to amend the complaint if such an amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). For example, an amendment is futile if it would not survive a motion to dismiss. Dismissal is warranted, and therefore amendment is futile, only if Plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *E.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).

In this case, Plaintiff appears *pro se*, and thus, the Court construes his pleadings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

In support of his Motion, Plaintiff argues that Mr. Owens "has to start answering questions as to how his personal plan to extend the auto-grid into the Old Lowry Bombing Range 'isolates and segregates' some from the civilizing influence of well-constructed cities." Dock. #13, p. 2. Plaintiff

further argues that Mr. Owens failed to consider "another way of building cities, one that might help everyone lead fuller, happier and more productive lives." *Id.* at 5. The crux of Plaintiff's argument is that the car-grid isolates and segregates people from the soothing influence of strong community bonds, and that this particularly affects the Black Community. *Id.* at 4.

The relief requested by Plaintiff in this lawsuit is predicated on his argument that the Americans with Disabilities Act ("ADA") requires a developer to consider the affect a development will have on individuals with disabilities. Plaintiff essentially seeks to require the State Land Board to seek new bids on the development of the Old Lowry Bombing Range and to determine the affect on individuals with mental disabilities before developing any part of the Old Lowry Bombing Range. Plaintiff's desired amendment has no connection to the relief sought, other than to require Mr. Owens to answer Plaintiff's questions. Plaintiff has not, and cannot, establish any connection between Mr. Owens and his claims or any manner in which Mr. Owens can provide the relief requested. As such, Plaintiff cannot set forth a claim against Mr. Owens upon which relief can be granted, and the Court therefore recommends that Plaintiff's Motion to Amend be **denied**.

Finally, Plaintiff also seeks an order under Rule 26 requiring Defendant to produce public records. Defendant objected because a Scheduling Conference has not been held and discovery is not proper at this juncture. In Reply, Plaintiff argues that the documents he seeks do not relate to this lawsuit but are for use in a potentially new lawsuit. Dock. #15, p. 7. First, Plaintiff may only seek discovery in this case of matters that are relevant to this lawsuit. Fed. R. Civ. P. 26(b)(1). Second, discovery does not commence in a civil action until after the Scheduling Conference, which is currently set for March 28, 2007. Fed. R. Civ. P. 26(d). Thus, Plaintiff's Motion under Rule 26 is **denied**.

3

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Emergency Motion to Amend [Filed January 5, 2007; Docket #13] be **denied**.  Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 18th day of January, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1).  Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).