IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH;
BRANDIE HENSMAN;
LINDA MARTINEZ;
BOBBI ARNOLD,

      Plaintiffs,

v.

JERRY BALDWIN,
RICK SOARES;
JOHN BONGIRNO;
JIM ALLEN;
MIKE ARELLANO;
THE CITY OF BRUSH;
STEVE TREADWAY;
MARK THOMAS;
GIL WALKER;
DICK MILLS;
GRW, a corporation;
John Does I to X; and
Jane Does I to X.

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Defendants John Bongirno, Jim Allen, and

Mike Arellano's (collectively "State Defendants") Motion to Dismiss pursuant to FED. R.

CIV. P. 12(b)(1) and 12(b)(6) filed August 16, 2006 [Docket #71]; and Defendants City

of Brush, Steve Treadway, and Mark Thomas's (collectively "Brush Defendants")

Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) filed August 28,

2006 [Docket #76].  For the reasons stated below, Defendants' Motions are GRANTED

in part, and DENIED in part.

I.      Background

        Plaintiffs Jennifer Gordon-Smith, Brandie Hensman, Linda Martinez, and Bobbi

Arnold have alleged claims for relief pursuant to 42 U.S.C. § 1983 as well as a claim for

relief alleging negligence against the State and Brush Defendants.  The basis of

Plaintiffs' claims is an allegation that while they were incarcerated at the Brush

Correctional Facility ("BCF") Defendant Jerry Baldwin sexually harrassed each and

every Plaintiff and sexually assaulted Plaintiffs Gordon-Smith, Hensman, and Arnold.

Plaintiffs also allege that other BCF employees retaliated against them for exercising

their First Amendment rights when they complained about the sexual misconduct.

        BCF is a private women's prison located in Brush, Colorado.  Plaintiffs allege

that during the relevant time period, Defendant Treadway was the Mayor of Brush,

Colorado, and that he entered into a contract with CDOC to monitor the operations at

BCF.  Defendant Thomas is alleged to be a contract monitor employed by the city of

Brush to monitor BCF.  The State Defendants are all alleged to be contract monitors as

well; they are alleged to have been employed by the Colorado Department of

Corrections.  The State Defendants are all alleged to have been in charge of

monitoring private prisons within the state of Colorado, including BCF.  Collectively, the

contract monitors are alleged to have been told that "the facility was unsafe, that staff

were flirtatious with the inmates, that contraband were being brought into the facility,

that a staff member was discussing his genitals with the inmates, and that staff were

too familiar with the inmates." [Docket # 63 at ¶ 50].  It is further alleged that the contract monitors "had taken no action to investigate [the above] claims."  [*Id.*].

Plaintiffs also allege that Ms. Gordon-Smith and Ms. Bobbi Arnold came forward to report the alleged rape.  Plaintiffs allege that Defendants Soares, Mills, Walker and GRW placed Ms. Gordon-Smith and Ms. Bobbi Arnold in administrative segregation in retaliation for reporting the alleged rape.  It is further alleged that the State Defendants knew about the administrative segregation and permitted it.

II.   Dismissal Pursuant to FED. R. CIV. P. 12(b)(6)

Both the State Defendants and Defendants Treadway and Thomas argue that Plaintiffs' claims pursuant to 42 U.S.C. § 1983 fail to state a claim according to FED. R. CIV. P. 12(b)(6).  These Defendants ask that this Court dismiss the § 1983 claims against them.  In ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the court "'must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.'"  *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997) (quoting *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir. 1994)).

"A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only 'if the plaintiff can prove no set of facts to support a claim for relief.'"  *Id.* (quoting *Jojola v. Chavez*, 54 F.3d 488, 490 (10th Cir. 1995)).  "However, it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984), *cert. denied*, 470 U.S. 1054 (1985) (and cases cited therein).  If, accepting all well-pleaded allegations as true

and drawing all reasonable references in favor of plaintiffs, it appears beyond doubt

that no set of facts entitle plaintiffs to relief, then the court should grant a motion to

dismiss.  *See Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582

(10th Cir. 1990).  A complaint must be dismissed if, accepting the allegations as true, it

appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that

would entitle him to relief.  *Meade v. Grubbs*, 841 F.2d 1512, 1526 (10th Cir. 1988).

    A.  Claims Pursuant to 42 U.S.C. § 1983

    To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege a

deprivation of a federally-protected right under color of state law.  *Malek v. Haun*, 26

F.3d 1013, 1015 (10th Cir. 1994).  Therefore, the threshold question in a § 1983 action

is whether or not the "plaintiff has been deprived of a right secured by the Constitution

and laws."  *Baker v. McCollan*, 443 U.S. 137 (1979).

    Personal participation is an essential showing in a § 1983 action.  *Bennett v.*

*Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1986); *Massey v. Wilson*, 484 F. Supp.

1332, 1333 (D. Colo. 1980).  A Defendant cannot be held liable by virtue of their

supervisory position on a theory of respondeat superior.  *Ruark v. Solano*, 928 F.2d

947 (10th Cir. 1991)(*overruled on other grounds, Lewis v. Casey*, 518 U.S. 343 (1996));

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d

479, 483 (10th Cir. 1983).  "To be liable, a superior must have participated or

acquiesced in the constitutional deprivations of which complaint is made."  *Meade v.*

*Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  For a supervisor to be liable under §

1983, there must be an "'affirmative link' . . . between the constitutional deprivation and

either the supervisor's personal participation, his exercise of control or direction, or his

failure to supervise." *Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

> 1.   Claim for Unconstitutional Retaliation

In their second claim for relief, Plaintiffs bring a claim against the State

Defendants for unconstitutional retaliation in violation of 42 U.S.C. § 1983.  Plaintiffs

allege that the State Defendants ratified the acts of other prison employees when they

retaliated against Plaintiffs.  To state a claim for unconstitutional retaliation, a Plaintiff

must plead the following elements: "(1) that the plaintiff was engaged in constitutionally

protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury

that would chill a person of ordinary firmness from continuing to engage in that activity;

and (3) that the defendant's adverse action was substantially motivated as a response

to the plaintiff's exercise of constitutionally protected conduct."  *Worell v. Henry*, 219

F.3d 1197, 1212 (10th Cir. 2000).

Plaintiffs do not allege that the State Defendants directly participated in the

unconstitutional retaliation.  Rather, Plaintiffs allege that "Defendants Soares, Mills,

Walker, and GRW placed Ms. Gordon-Smith, Ms. Arnold, and other victims of sexual

assault in administrative segregation in retaliation for their complaints of sexual abuse."

[Docket # 63 ¶ 64].  Plaintiffs allege that the State Defendants "found out about the

RFP order and permitted it, thereby ratifying the actions."   [Docket # 63 ¶ 64].

Plaintiffs do not allege, however, that the State Defendants knew that the RFP

order was issued in retaliation of Plaintiffs' complaints of sexual abuse.  Consequently,

I find that the allegations in the complaint do not state a claim against the State Defendants for unconstitutional retaliation.  Plaintiffs did not plead facts that would support a showing that the State Defendants acquiesced to the unconstitutional conduct.  While Plaintiffs allege that the State Defendants affirmed the Removal from Population orders, I find that Plaintiffs failed to plead any facts which would support a showing that the State Defendants acquiesced to Defendants Soares, Mills, Walker, or GRW's retaliatory motive.  Accordingly, I dismiss Plaintiffs' Second Claim for Relief as against the State Defendants only.

2.    <u>Violation of the Eighth Amendment</u>

In their third claim for relief, Plaintiffs assert that the State Defendants and Defendants Thomas and Treadway violated the Eighth Amendment of the United States Constitution in violation of 42 U.S.C. § 1983.  Plaintiffs' Eighth Amendment claims are governed by a "deliberate indifference" standard.  *See e.g. Farmer v. Brennan*, 511 U.S. 825, 935 (1994).  In order to satisfy this standard, Plaintiffs must plead and prove that the Defendants "knew of and disregarded an excessive risk to inmate health and safety."  *Gonzalez v. Martinez*, 403 F.3d 1179, 1182 (10th. Cir. 2005)(internal quotations omitted).  This determination is "a question of fact subject to demonstration in the usual ways, including *inference* from circumstantial evidence."  *Id*.

Defendants Bongirno, Allen, Arellano, and Thomas are all alleged to be contract monitors. [Docket # 63 at ¶¶ 16, 17, 18, 21].  It is further alleged that Defendants Bongirno, Arellano, and Thomas oversee the operations at BCF.  [*Id*. at ¶¶ 17, 18, 21].

-6-

The Complaint does not allege that these four Defendants knew of Defendant Baldwin's specific conduct.  However, Plaintiffs do allege that the contract monitors knew "of the previous conduct by staff regarding sexual improprieties, but took no steps to monitor, train, or supervise, or discourage their [the staff's] unlawful use of authority." [Docket # 63 at ¶ 69].  The Complaint also alleges that: the State Defendants knew of "previous conduct by staff regarding sexual improprieties" [Docket # 63 at ¶ 69]; "the contract monitors had been told that the facility was unsafe, that staff were flirtatious with the inmates, that contraband were being brought into the facility, that a staff member was discussing his genitals with the inmates, and that staff were too familiar with the inmates" [*Id.* at ¶ 50]; and that Defendants Bongirno and Allen "had specific knowledge that the women at BCF felt unsafe." [*Id.* at ¶ 74].  Because the allegations allege facts which support a showing that Defendants knew of and disregarded an excessive risk to Plaintiffs' health and safety, I find that Plaintiffs have stated a claim for violation of the Eighth Amendment against Defendants Bongirno, Allen, Arellano, and Thomas.

To the contrary, I find that Plaintiffs have not stated a claim for violation of the Eighth Amendment against Defendant Treadway.  Defendant Treadway is alleged to be the mayor of Brush, Colorado, and is alleged to have entered into a contract with CDOC to monitor the operations at BCF.  [Docket # 63 ¶¶ 19, 20].  The Complaint further alleges that "Defendants Treadway and Thomas had an obligation and the ability to monitor and supervise the BCF staff," [*Id.* at ¶77], and that they "failed to properly monitor BCF and its employees."  However, there are no allegations that

Defendant Treadway knew of any previous incidents of sexual misconduct or knew that the female inmates felt unsafe.  Read in the light most favorable to Plaintiffs, I find that the Complaint fails to state a claim that Defendant Treadway was deliberately indifferent to the alleged excessive risk to inmate health and safety at BCF.  Accordingly, I dismiss Plaintiffs' Third Claim for Relief as against Defendant Treadway only.

3. <u>Municipal Liability for Civil Rights Violation</u>

In their fifth claim for relief, Plaintiffs attempt to state a § 1983 claim alleging municipal liability against Defendants City of Brush, Treadway, and Thomas.  "[T]o establish municipal liabiltiy, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."  *Anaya v. Crossroads Managed Care Sys.,* 195 F.3d 584, 592 (10th Cir. 1999)(internal quotations omitted).

The allegations in the Complaint read that "Treadway and Thomas, by virtue of their positions, were policy makers for the City of Brush.  They implemented a *de facto* policy of deliberate indifference to the safety of the inmates at BCF." [Document #63 at ¶ 98].  I find that Plaintiffs fail to state a claim for relief under a theory of municipal liability.  First, as explained above, there are no allegations supporting a claim that Defendant Treadway was acting with deliberate indifference regarding the safety of Plaintiffs.  Second, Plaintiffs fail to allege any facts which would support a showing that Defendant Thomas was acting pursuant to a municipal custom or policy.  Plaintiffs'

-8-

conclusory allegation that "Thomas, by virtue of [his] position, [was] a policy maker for the City of Brush", is insufficient to state a claim for municipal liability.  For the aforementioned reasons, I dismiss Plaintiffs' Fifth Claim for Relief.

III.    Qualified Immunity

State Defendants and Defendants Thomas and Treadway also assert that all of Plaintiffs' § 1983 claims against them should be dismissed on the basis of qualified immunity.  In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.  *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities. *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990).  Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 15531, 1534 (10th Cir 1995)).  *See also Workman v. Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996).

The Supreme Court explained in *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2131, 2156 (2001) that:

A court required to rule upon the qualified immunity issue must consider, then, this threshold question:  Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?  This must be the initial inquiry. . . .  In the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a law is clearly established.

"To be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Brewer*, 76 F.3d at 1134 (quotation omitted); *see also Snell v. Tunnell*, 920 F.2d 673, 696 (10th Cir. 1990)(quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)), *cert. denied*, 111 S.Ct. 1622 (1991).  Ordinarily, "there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id.* (quoting *Medina v. City and County of Denver*, 960 F.2d 1493, 1498 (10th Cir. 1992)); *see also Patrick v. Miller*, 953 F.2d 1240 (10th Cir. 1992).  This requires "'some, but not necessarily precise, factual correspondence" between cases predating the alleged violation and the facts in question in this case.  *Calhoun v. Gaines*, 982 F.2d 1470, 1475 (10th Cir. 1992).  The burden is on the plaintiffs to show that the law was clearly established at the time of the alleged violation.  *Patrick,* 953 F.2d at 1243; *Dixon v. Richer*, 922 F.2d 1456, 1460 (10th Cir. 1991).

In the present case, Plaintiffs allege that the State Defendants and Defendants Treadway and Thomas violated the Eighth Amendment because these Defendants knew of and disregarded an excessive risk to inmate health and safety.  As explained

above, Plaintiffs allegations are sufficient to state a claim against the State Defendants and Defendant Thomas for a violation of the Eighth Amendment.  On the other hand, Plaintiffs fail to state a claim for violation of the eighth amendment against Defendant Treadway.  Consequently, as to the State Defendants and Defendant Thomas, the question becomes whether or not knowing of and disregarding an excessive risk to inmate health and safety is a "clearly established" violation of law.

In *Farmer v. Brennan*, 511 U.S. 825, 831 (1994), the Supreme Court held that a prison official can found liable under the Eighth Amendment for denying an inmate humane conditions of confinement if the official knows of and disregards an excessive risk to inmate health or safety.  Further, during the alleged misconduct, the Tenth Circuit had already recognized that "an inmate has a constitutional right to be secure in her bodily integrity and free from attack by prison guards."  *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993).  In *Hovater*, the plaintiff alleged that she was sexually assaulted by a prison official.  *Id.*   While the court held that summary judgment was proper in that case, the court's conclusion was based on plaintiff's failure to bring forth any evidence which would show that the sheriff acted with deliberate indifference toward an excessive risk to plaintiff's health or safety.  *Id.* at 1068.  Consequently, I find that acting with deliberate indifference towards the safety of inmates was clearly established law during the relevant time period.

Because the law is clearly established, the question becomes whether the Defendants' conduct was objectively reasonable in light of the clearly established law.

-11-

*See e.g. Harman v. Pollock*, 446 F.3d 1069 (10th Cir. 2006).  The test is one of objective reasonableness, in light of the law at the time of the alleged violation.  *Jantz v. Muci*, 976 F.2d 623, 627 (10th Cir. 1992).

I find that the alleged facts demonstrate a situation where Defendants Bongirno, Allen, Arellano, and Thomas did not act reasonably in light of the clearly established law.  Plaintiffs have alleged that these four Defendants were contract monitors; that they knew "of the previous conduct by staff regarding sexual improprieties, but took no steps to monitor, train, or supervise, or discourage their [the staff's] unlawful use of authority;" and that they "had been told that the facility was unsafe, that staff were flirtatious with the inmates, that contraband were being brought into the facility, that a staff member was discussing his genitals with the inmates, and that staff were too familiar with the inmates." [Docket # 63 at ¶ 50].

Once again, Plaintiffs allege facts which would support a claim that State Defendants and Defendants Treadway violated the Eighth Amendment by acting with deliberate indifference towards Plaintiffs' health and safety.  I find that, on the facts alleged, Defendants Bongirno, Allen, Arellano, and Thomas are not entitled to qualified immunity for the § 1983 claims.  Consequently, the § 1983 claims should not be dismissed against these four Defendants.  As explained above, however, Plaintiffs do not allege facts that support a § 1983 claim against Defendant Treadway.

IV.     Colorado Governmental Immunity Act

The State Defendants and Defendants Treadway and Thomas also argue that
Plaintiffs' Eighth Claim for Relief–negligence–is barred by the Colorado Governmental
Immunity Act ("CGIA").  "A public employee is immune from all claims that lie or could
lie in tort, unless the claim falls within one of the six limited areas for which immunity
has been waived or unless the act or omission causing the injury was willful and
wanton."  *Moody v. Ungerer*, 885 P.2d 200, 204 (Colo. 1991) (citing § 24-10-118(2)).

Plaintiffs counter that the CGIA does not bar their claim for negligence because
the facts, as alleged, support a showing that Defendants' actions were willful and
wanton.  Although the CGIA does not define the term "willful and wanton", the court in
*Moody* looked to the definition of "willful and wanton" for purposes of exemplary
damages ("conduct purposefully committed which the actor must have realized as
dangerous, done heedlessly and recklessly, without regard to consequences, or of the
rights and safety of others, particularly the plaintiff") and the definition of "willful and
wanton" used in the automobile guest statute (as "wholly disregardful of the rights,
feeling and safety of others ... at times even imply[ing] an element of evil").  885 P.2d at
205.

Section 24-10-110(5)(a) provides that in actions "in which allegations are made
that an act or omission of a public employee was willful and wanton, the specific factual
basis of such allegations shall be stated in the complaint."  "Failure to plead the factual
basis of an allegation that an act or omission of a public employee was willful and

-13-

wanton shall result in dismissal of the claim for failure to state a claim upon which relief

can be granted." § 24-10-110(5)(b).  "Whether a plaintiff has pleaded sufficient facts to

state a claim based upon willful and wanton conduct is to be determined by the court."

*Barham v. Scalia*, 928 P.2d 1381, 1385 (Colo. App. 1996).  "However, when there are

disputed issues of fact, a well pleaded claim that an employee acted willfully and

wantonly must await determination at trial on the merits."  *Id.*

      I find that in their Complaint, Plaintiffs have alleged facts on the part of the State

Defendants and Defendant Thomas that, if accepted as true, adequately assert willful

and wanton misconduct.  As explained above, Plaintiffs allege that these four

Defendants were contract monitors, that Defendants knew of "previous conduct by staff

regarding sexual improprieties" [Docket # 63 at ¶ 69]; "the contract monitors had been

told that the facility was unsafe, that staff were flirtatious with the inmates, that

contraband were being brought into the facility, that a staff member was discussing his

genitals with the inmates, and that staff were too familiar with the inmates" [*Id.* at ¶ 50];

and that Defendants Bongirno and Allen "had specific knowledge that the women at

BCF felt unsafe." [*Id.* at ¶ 74]. It is further alleged that the contract monitors, despite

this knowledge, "failed to monitor and supervise Defendant Baldwin." [*Id.* at ¶ 50].

These alleged facts support a showing that the State Defendants and Defendant

Thomas acted wholly disregarding the rights, feeling, and safety of the Plaintiffs.

      On the other hand, I find that Plaintiffs have failed to allege facts on the part of

Defendant Treadway that adequately assert willful and wanton misconduct.  There are

no allegations that Defendant Treadway knew of any previous incidents of sexual

misconduct or knew that the female inmates felt unsafe.  Accordingly, I find that

Plaintiffs' claim for negligence against Defendant Treadway only should be dismissed.


Based on the foregoing, it is

ORDERED that Defendants John Bongirno, Jim Allen, and Mike Arellano's

Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) filed August 16,

2006 [Docket #71] is **GRANTED in part** and **DENIED in part**, as set forth in this order.

It is

FURTHER ORDERED that Defendants City of Brush, Steve Treadway, and Mark

Thomas's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) filed

August 28, 2006 [Docket #76] is **GRANTED in part** and **DENIED in part**, as set forth in

this order.  It is

FURTHER ORDERED that Plaintiffs' Second Claim for Relief–Unconstitutional

Retaliation in Violation of 42 U.S.C. § 1983–be dismissed as against Defendants

Bongirno, Allen, and Arellano only.  It is

FURTHER ORDERED that Plaintiffs' Third Claim for Relief–Failure to Monitor,

Supervise and Discipline–be dismissed as against Defendant Treadway only.  It is

FURTHER ORDERED that Plaintiffs' Fifth Claim for Relief–Municipal Liability–be

dismissed in its entirety.  It is

FURTHER ORDERED that Plaintiffs' Eighth Claim for Relief–Negligence–be dismissed as against Defendant Treadway only.

Dated:  January 31, 2007

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge