IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH;
BRANDIE HENSMAN;
LINDA MARTINEZ;
BOBBI ARNOLD,

     Plaintiffs,

v.

JERRY BALDWIN,
RICK SOARES,
JOHN BONGIORNO,
JIM ALLEN,
MIKE ARELLANO,
CITY OF BRUSH,
STEVE TREADWAY
MARK THOMAS,
GIL WALKER,
DICK MILLS,
GRW, a corporation,
John Does 1 to X and
Jane Does 1 to X,

     Defendants.

---

**MOTION FOR ATTORNEYS FEES FROM DEFENDANT STEVE TREADWAY**

---

Defendant Steve Treadway, by and through counsel Thomas J. Lyons, Esq., Andrew D. Ringel, Esq., and Gillian Dale, Esq., of Hall & Evans, L.L.C., pursuant to Fed. R. Civ. P. 54(d)(2) and C.R.S. § 24-10-110(5)(c), hereby respectfully submits this Motion for Attorneys Fees, and as grounds therefore states as follows:

1. On January 31, 2007, this Court issued an Order which *inter alia* dismissed all of the Plaintiffs' claims against Defendant Steve Treadway. [*See* Order, 1/31/07, at 15-16, Doc. 103]. As a result of this Court's Order all of Plaintiffs' claims against Defendant Treadway have now been dismissed in their entirety. Accordingly, Defendant Treadway now moves this Court for an award of attorneys fees pursuant to C.R.S. § 24-10-110(5)(c).

2. In their First Amended Complaint in this action, Plaintiffs Jennifer Gordon-Smith, Brandie Hensman, Linda Martinez, and Bobbi Arnold brought eight claims against eleven Defendants. [*See* Plaintiffs' First Amended Complaint, Doc. 63]. Of the Plaintiffs' eight claims, claims three, five and eight were brought against Defendant Steve Treadway. [*See* Plaintiffs' First Amended Compliant, ¶¶ 67-86, 93-104 & 113-117, Doc. 63]. Defendant Treadway is entitled to an award of attorneys fees pursuant to the Colorado Governmental Immunity Act (CGIA) for defending the Plaintiffs' against him made pursuant to Colorado law. In pertinent part, the CGIA provides as follows:

> In any action against a public employee in which exemplary damages are sought based on allegations that an act or omission of a public employee was willful and wanton, if the plaintiff does not substantially prevail on his claim that such act or omission was willful and wanton, ***the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both and in favor of the public employee.***

C.R.S. § 24-10-110(5)(c) (emphasis added). The Colorado General Assembly's use of the statutory term "shall" is mandatory and compels a decision awarding attorneys fees provided the requirements of the statute are met. *See, e.g.,* **City of Colorado Springs v. White,** 967 P.2d 1042, 1056 (Colo. 1998) (describing the legislative use of the term "shall" as mandatory); **Gorman v. Tucker,** 961 P.2d 1126, 1129 (Colo. 1998) (same); **Romer v. Board of County Commissioners of County or Pueblo,** 956 P.2d 566, 570 (Colo. 1998) (same); **People v. Davis,** 935 P.2d 79, 87-

88 (Colo. App. 1996) (same). Here, all of the statutory requirements are met without equivocation. First, Plaintiffs alleged the Defendants, including Defendant Treadway, engaged in willful and wanton conduct. [*See* Plaintiffs' Response to Brush Defendants' Motion to Dismiss, at 8-9 ("Defendants Treadway and Thomas were willful and wanton in their conduct and as a result, Plaintiffs suffered a harm."), Doc. 84]. Second, Plaintiffs sought exemplary damages from all of the Defendants, including Defendant Treadway. [*See* First Amended Complaint, at Prayer for Relief, page 15, Doc. 63]. Third, by virtue of this Court's dismissal of all of Plaintiffs' claims against Defendant Treadway in their entirety, Plaintiffs simply did not "substantially prevail" on their claims against Defendant Treadway. Under these circumstances, pursuant to C.R.S. § 24-10-110(5)(c), Defendant Treadway is entitled to an award of attorneys fees for the defense of the Plaintiffs' claims against him under Colorado law as a matter of law.

    3.    Defendant Treadway understands that affidavits along with detailed documentation supporting an award of attorneys fees will be needed to support this request for attorneys fees. *See* Fed. R. Civ. P. 54(d)(2); D.C.Colo.LCiv.R. 54.2. However, the circumstances of the instant case compel Defendant Treadway to request a departure from the usual procedure. This Motion requests a determination as a matter of law that Defendant Treadway is entitled to an award of attorneys fees pursuant to C.R.S. § 24-10-110(5)(c). Following this threshold legal determination, Defendant Treadway will submit the supporting information necessary to support this request for attorneys fees. The need to divide the amount of the attorneys fees expended by counsel for Defendant Treadway specifically to the Plaintiffs' claims under Colorado law and to provide appropriate affidavits explain why the defense cannot compile all of the documentary information in support of this request for attorneys fees and costs

in a ready fashion. Until this Court makes the threshold determination that an award of attorneys fees is appropriate as a matter of law there is also no justification for putting Defendant Treadway to the added burden and cost of compiling such affidavits and documentary support. The effort required for the Defendant to compile the necessary information is substantial and no justification exists to require the Defendant to expend such resources unnecessarily.

4. Pursuant to D.C.Colo.LCiv.R. 7.1(a), counsel for Defendant Treadway conferred with counsel for the Plaintiffs, Julia Yoo, Esq. prior to filing the instant Motion. Ms. Yoo indicated the Plaintiffs oppose the instant Motion.

WHEREFORE, for all of the foregoing reasons, Defendant Steve Treadway respectfully requests this Court issue an order awarding him his attorneys fees expended in the defense of the Plaintiffs' state law claims pursuant to C.R.S. § 24-10-110(5)(c), and allow Defendant Treadway the opportunity to submit appropriate documentation along with a specific attorneys fees award request within thirty (30) days of this Court's Order awarding attorneys fees, and for all other and further relief as this Court deems just and appropriate.

Dated this 14th day of February 2007.

             Respectfully submitted,

             s/ Andrew D. Ringel, Esq.
             Thomas J. Lyons, Esq.
             Andrew D. Ringel, Esq.
             Gillian Dale, Esq.
             HALL & EVANS, L.L.C.
             1125 17th Street, Suite 600
             Denver, Colorado 80202-2052
             Phone: 303-628-3300
             Fax: 303-293-3238
             lyonst@hallevans.com
             ringela@hallevans.com
             daleg@hallevans.com

             **ATTORNEYS FOR DEFENDANTS RICK SOARES, THE CITY OF BRUSH, STEVE TREADWAY, MARK THOMAS, GIL WALKER AND GRW CORPORATION**

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 14th day of February, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Eugene G. Iredale, Esq.
egiredale@yahoo.com

Julia Yoo, Esq.
yooesq@hotmail.com

Tiffaney A. Norton, Esq.
tnorton@sgrllc.com

Gordon L. Vaughan, Esq.
vnd@vaughandemuro.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/EFC participants in the manner indicated by the non-participant's name:

None

s/Loree Trout, Secretary to           .
Thomas J. Lyons, Esq.
Andrew D. Ringel, Esq.
Gillian Dale, Esq.
HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
Phone: 303-628-3300
Fax: 303-293-3238
lyonst@hallevans.com
ringela@hallevans.com
daleg@hallevans.com

**ATTORNEYS FOR DEFENDANTS RICK SOARES, THE CITY OF BRUSH, STEVE TREADWAY, MARK THOMAS, GIL WALKER AND GRW CORPORATION**

H:\Users\RINGELA\GRW\Gordon-Smith\Motion for Attorneys Fees.doc