IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH;
BRANDIE HENSMAN;
LINDA MARTINEZ; and
BOBBI ARNOLD,

    Plaintiffs,

v.

JERRY BALDWIN;
RICK SOARES
JOHN BONGIRNO;
JIM ALLEN;
MIKE ARELLANO;
MARK THOMAS;
GIL WALKER;
DICK MILLS;
GRW, a Corporation;
John Does I to X and
Jane Does I to X;

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER  is before the Court on Defendants' City of Brush, Steve Treadway, Mark Thomas, Gil Walker, GRW Corporation, Rick Soares Motion to Dismiss Claims by Plaintiff Bobbi Arnold [Docket # 77], and Defendant Mills Motion to Dismiss or in the Alternative Motion for Summary Judgment Respecting All Claims of Plaintiff Bobbi Arnold From Defendant Richard Mills [Docket #107].  By Order dated

January 18, 2007, this Court converted Defendants' Motion to Dismiss [Docket #77] to a Motion for Summary Judgment. By Order dated January 31, 2007, the Court granted a separate Motion to Dismiss regarding the claims against the City of Brush and Steve Treadway. Accordingly, these two Defendants are no longer part of this lawsuit. For the reasons set forth below, the Defendants' Motion for Summary Judgment [Docket # 77] and Defendant Mills' Motion to Dismiss [Docket #107] are denied.

II.     FACTUAL BACKGROUND

Plaintiff Bobbi Arnold was an inmate at Brush Correctional Facility (BCF) in Brush, Colorado. [Docket #63 at ¶ 31]. BCF is a private women's prison operated by the GRW Corporation (GRW) pursuant to a contract GRW has with the City of Brush, Colorado. [Docket #63 at ¶ 33]. GRW employed Defendant Baldwin as a drug and alcohol counselor. [Docket #63 at ¶ 41]. Plaintiff Arnold alleges that Defendant Baldwin continuously sexually harassed her between the summer of 2004 to February of 2005. [Docket #63 at ¶ 48]. During the same time period, Plaintiff Arnold alleges that Defendant Baldwin sexually assaulted her. [Docket #63 at ¶ 49].

Plaintiff Arnold also alleges that she came forward to report the sexual assault and sexual harassment. [Docket #63 at ¶ 63 ]. As retaliation for reporting the sexual misconduct, Plaintiff Arnold alleges that she was placed in administrative segregation where she was denied access to the grievance process. [Docket # 115 ]. After twenty-three days of administrative segregation, Plaintiff was transported to a correctional facility in Wyoming.

### A. Standard of Review

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Id.* (quotation omitted).

"A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *Horizon/CMS Healthcare*, 220 F.3d at 1190. "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented." *Id.*

### B. Failure to Exhaust Administrative Remedies

Plaintiff Bobbie Arnold argues that there are disputed issues of material facts as to whether or not she has exhausted her administrative remedies. The Prison Litigation Reform Act (PLRA) provides that a prisoner is prohibited from bringing a federal action

until the available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a).

The Supreme Court recently addressed the PLRA exhaustion requirement in *Jones v. Bock*, __ S.Ct. __, 2007 U.S. LEXIS 1325 (U.S. Jan. 22, 2007)(NO. 05-7058, 05-7142). In *Jones*, a prisoner filed a 42 U.S.C. § 1983 complaint against four prison officials. *Id.* at 17. The District Court dismissed the prisoner's cause of action for failure to exhaust his administrative remedies against two of the officials and failure to properly plead exhaustion in his complaint against the other two officials. *Id.* at 17. The Sixth Circuit agreed, holding that the prisoner failed to properly plead exhaustion and even if he had demonstrated exhaustion against some of the defendants, under the total exhaustion rule, dismissal against all of the defendants was still required. *Id.* Subsequently, the Supreme Court reversed the Sixth Circuit's holding.

The Supreme Court held that failure to exhaust administrative remedies under PLRA is an affirmative defense, rather than a pleading requirement. *Id.* at 31. Therefore, a plaintiff is not required to demonstrate exhaustion in their complaint. *Id.* If, however, on its face, the complaint shows that the plaintiff is not entitled to relief, the complaint can be dismissed for failure to state a claim. *Id.* at 29.

While the PLRA requires a prisoner to make use of *available* administrative remedies prior to bringing a federal action, administrative remedies may be deemed unavailable due to obstruction of the grievance process by prison officials. *See, e.g.*, *Mitchell v. Horn*, 318 F.3d 523, 529 (3rd Cir. 2003) (holding that a prisoner who is unable to file a grievance because prison officials refused to provide him with the

necessary grievance forms lacked an available administrative remedy); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure of a prison official "to respond to a grievance within time limits . . . renders an administrative remedy unavailable"); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (finding "a remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under [the PLRA]") (alterations in original).

In the case at hand, the alleged conduct occurred between September 2004 and January 12, 2005 at the Brush Correctional Facility, in Colorado. On January 12, Plaintiff was placed in segregation at BCF. Defendants argue that during her twenty-three day segregation, Plaintiff had the knowledge of and the ability to utilize the BCF grievance procedures, yet failed to do so. [Docket #144 at 4]. Plaintiff, however, argues that while she was segregated at BCF she was denied access to the grievance process. [Docket #115]. Subsequently, on February 5, Plaintiff was transferred to a Wyoming correctional facility where it is undisputed that there was no grievance process available to address Plaintiff's Colorado claim. [Docket # 115-2]. On the record before me, I believe a disputed issue of material fact exists as to whether or not the grievance process was made available to Plaintiff Bobbi Arnold. Thus, Defendants' Motions for Summary Judgment are denied.

    B.    <u>Colorado Governmental Immunity Act</u>

The Colorado Governmental Immunity Act (CGIA) provides that a "public entity shall be immune from liability in all claims for injury which lie in tort." C.R.S. § 24-10-106(1). Defendants GRW, Soares, and Walker argue that, pursuant to the CGIA,

Plaintiff Arnold may not maintain her tort claims. [Docket # 77].  Defendants GRW, Soares, and Walker are not employees of the state of Colorado.  However, Defendants claim that they were "agents *or* instrumentalities of the State of Colorado when operating Brush Correctional Facility" and are, therefore, entitled to the protections of the CGIA. [Docket # 77] (alterations in original document).

BCF likely is not a "public entity" or an instrumentality of a public entity as defined by the statute.  *See* C.R.S. 24-10-103.   BCF is a privately-owned prison run by GRW, pursuant to a Contract with the CDOC. [Docket #63].  Defendants fail to cite to any authority that permits the application of the CGIA to employees of a private prison. On the record before me, Defendants have failed to demonstrate that GRW qualifies as a public entity under the statute and that the CGIA bars Plaintiff's claims against GRW's employees.  Accordingly, Defendants' argument that the CGIA bars Plaintiff Bobbi Arnold's state law claims is without merit.

### C.     Claim for Exemplary Damages

Defendants also argue that C.R.S. § 13-21-102(1.5)(a) bars Plaintiff from pleading exemplary damages in her First Amended Complaint.  [Docket #77].  I find to the contrary.  While C.R.S. § 13-21-102(1.5)(a) arguably bars a plaintiff from including exemplary damages in the initial complaint for her state law claims, C.R.S. § 13-21-102(1.5)(a) does not apply to Plaintiff's federal claims.  "Punitive damages are available in § 1983 actions.  Accordingly, I reject Defendants' argument that Plaintiff's claim for punitive damages should be dismissed.

D.  Supplemental Jurisdiction

Finally, Defendant's argue that this Court should decline to exercise supplemental jurisdiction for Plaintiff's state law claims. [docket # 77].  Because this Court denies Defendants' Converted Motion to Dismiss Plaintiff's federal claims, I reject Defendants' invitation to decline to invoke supplemental jurisdiction over Plaintiff's state law claims.

IV.  CONCLUSION

Accordingly, for the reasons stated above, it is

ORDERED that the Motion to Dismiss Claims of Plaintiff Bobbi Arnold From Defendants Rick Soares, The City of Brush, Steve Treadway, Mark Thomas, Gil Walker, and GRW Corporation [Documen # 77]  is **DENIED**.  It is

FURTHER ORDERED that the Motion to Dismiss or Alternative Motion for Summary Judgment Respecting All Claims of Plaintiff Bobbi Arnold From Defendant Richard Mills [Docket # 107] is **DENIED**.

Dated:  March 2, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge