IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH;
BRANDIE HENSMAN;
LINDA MARTINEZ;
BOBBI ARNOLD,

    Plaintiffs,

v.

JERRY BALDWIN,
RICK SOARES;
JOHN BONGIRNO;
JIM ALLEN;
MIKE ARELLANO;
MARK THOMAS;
GIL WALKER;
DICK MILLS;
GRW, a corporation;
John Does I to X; and
Jane Does I to X.

    Defendants.
_____

**ORDER**
_____

This matter is before the Court on Defendant Steve Treadway's Motion for Attorneys Fees [Docket #113], filed on February 14, 2007.  In their First Amended Complaint, Plaintiffs brought three claims for relief against Defendant Treadway: (1) violation of 42 U.S.C. § 1983 for failure to monitor, (2), violation of 42 U.S.C. § 1983 for municipal liability, and (3) negligence.  (Compl. Third, Fifth, and Eighth Claims for Relief).  On January 31, 2007, I issued an Order dismissing all of Plaintiffs' claims

against Defendant Steve Treadway.

Defendant Treadway argues that he is entitled to attorney's fees pursuant to Colorado Revised Statutes § 24-10-110(5)(c).  This statute provides that:

> In any action against a public employee in which *exemplary damages are sought* based on *allegations that an act or omission of a public employee was willful and wanton*, if the plaintiff *does not substantially prevail* on his claim that such act or omission was willful or wanton, the court shall award attorney fees against the plaintiff or the plaintiff's attorney or both in favor of the public employee.

Under Colorado law, "the party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award." *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, 1120 (D. Colo. 2002).  I find that Defendant Treadway has not met his burden.

Defendant Treadway has not demonstrated that Plaintiffs state law claim was within the scope of the statute.  "It is undisputed that the Colorado statute only allows recovery of attorney fees incurred in defendant a claim within the scope of the statute." 214 F.Supp.2d at 1121.  In order to fall within section 24-10-110(5)(c), Defendant must show that the Plaintiffs sought exemplary damages, these damages were sought based on allegations that an act or omission was willful and wanton, and the Plaintiffs did not substantially prevail on their claims.  The only claim against Treadway that could conceivably be covered by the Colorado statute is Plaintiffs' claim for negligence. While Plaintiffs did seek exemplary damages, Plaintiffs did not specify whether they were seeking exemplary damages for their negligence claim, their 1983 claims, or both. Consequently, it is unclear whether or not the first requirement of the statute is met. Even if we assume that Plaintiffs were seeking exemplary damages based on their

negligence claim, the second requirement of § 24-10-110(5)(c) was not met. Plaintiffs did not plead that Defendant Treadway acted willfully or wantonly in their Amended Complaint. Moreover, in my January 31, 2007, Order dismissing the claims brought against Defendant Treadway, I also found that the facts as alleged did not assert willful and wanton misconduct. (Order at 14). Accordingly, I find that Plaintiffs claim for negligence does not fall within the scope of § 24-10-110(5)(c) and that Defendant is not entitled to attorney fees for the defense of this claim.

Further, even if I did find that Plaintiffs' negligence claim fell within the scope of §24-10-110(5)(c), Defendant Treadway has failed to demonstrate that he has incurred fees relating only to the defense of Plaintiffs' claim for negligence. Similar to the case in *Haynes v. City of Gunnison*, 214 F.Supp.2d 1119, the underlying factual allegations for Plaintiffs' negligence claim are very similar to the allegations relating to Plaintiffs' §1983 claims. Attorney fees cannot be awarded under Colorado law for work performed defending §1983 claims that overlap with state law claims. *See Haynes v. City of Gunnison*, 214 F.Supp.2d at 1121. Defendant Treadway has failed to show how he has incurred any fees in defense of Plaintiff's negligence claim above and beyond those fees he incurred in defense of Plaintiff's §1983 claims.

For the aforementioned reasons, it is

ORDERED that Defendant Treadway's Motion for Attorney Fees [Docket #113] is **DENIED**.

Dated: May 25, 2007

                              BY THE COURT:

                              s/ Wiley Y. Daniel
                              Wiley Y. Daniel
                              U. S. District Judge