IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH,
BRANDIE HENSMAN, and
LINDA MARTINEZ,

    Plaintiffs,
v.

JERRY BALDWIN, *et al.*,

    Defendants.

## RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss with Prejudice Claims Alleged by Plaintiff Brandie Hensman for Failure to Prosecute [Docket #188]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** Defendants' Motion.

**I.    Facts**

Plaintiff Brandie Hensman filed this action with the assistance of counsel on December 14, 2005, based on conduct committed by Defendant Jerry Baldwin, a drug and alcohol counselor at the place of Plaintiff's incarceration, from the summer of 2004 until February of 2005. Plaintiff's asserts several constitutional claims based on her allegations of sexual harassment and sexual assault by Defendant Baldwin. On August 28, 2007, counsel for Plaintiff Hensman filed a Motion to Withdraw as Plaintiff Brandie Hensman's Attorneys, in which counsel stated they had not been in contact with Ms. Hensman since April 2007, her telephone had been disconnected, and all mail sent to her was returned as undeliverable. Counsel set forth their repeated attempts to locate Ms. Hensman.

Since counsel withdrew their representation, the Court has not had an updated address for Ms. Hensman, and Orders mailed to her by the Court have been returned as undeliverable, including the Order requiring her to respond to Defendants' Motion. Defendants now state that Ms. Hensman failed to appear for her deposition and has not responded to any discovery in this case. Defendants filed this Motion to Dismiss for Failure to Prosecute on January 7, 2008, and the Court ordered Ms. Hensman to respond no later than February 4, 2008. This Order was sent to her last known address, yet Ms. Hensman failed to respond. In short, Ms. Hensman has lost contact with all parties in this case as well as the Court and appears to have lost interest in this case. Having no one against whom to raise their defenses, Defendants seek dismissal of Plaintiff's claims with prejudice.

**II.     Discussion**

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Rule 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). Dismissal is only appropriate in cases of willfulness, bad faith, or some fault of the plaintiff. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). To determine whether dismissal is an appropriate sanction, the Court is guided by the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotations omitted).

First, Defendants are prejudiced by Plaintiff's failure to participate in this lawsuit in that Defendants cannot test these allegations through written discovery, nor can they depose Plaintiff. This case is over two years old, and Ms. Hensman has yet to meaningfully participate in this action, thereby precluding Defendants from reaching closure of this matter within a reasonable time. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007). Second, Plaintiff's failure interferes with the judicial process by impeding the Court's ability to bring a speedy and just resolution to this matter for the Defendants or the other Plaintiffs, as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 1. In addition, such delay impedes the Court's ability to handle other matters while the Court waits for Ms. Hensman to regain interest in this case and contact the Court or her former counsel. *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).

Third, it was Plaintiff's responsibility to remain in contact with her counsel and now with this Court. Plaintiff has not provided current contact information to the Court as required by D.C.Colo.L.Civ.R. 10.1.M. Fourth, Plaintiff has received warnings first through the filing of Defendant's Motion, second through this Court's Order to respond, and third through this Recommendation, to which Plaintiff may file her objections with the District Court.

Finally, no lesser sanctions can be deemed effective, given the Court's inability to locate Ms. Hensman and her apparent lack of interest in this lawsuit. *See Santistevan v. Colo. Sch. of Mines*, 150 Fed. Appx. 927, 931 (10th Cir. 2005) (affirming dismissal for failure to prosecute due to Plaintiff's failure to comply with court orders and to provide the court with his address). Moreover, a dismissal without prejudice would provide the same result as a dismissal with prejudice based on the operative dates of Plaintiff's allegations in the Complaint.

**III. Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Dismiss with Prejudice Claims Alleged by Plaintiff Brandie Hensman for Failure to Prosecute [Filed January 7, 2008; Docket #188] be **granted** and that Plaintiff Brandie Hensman's claims against all Defendants be dismissed with prejudice for failure to prosecute. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 5th day of February, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).