IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-02541-WYD-MEH

JENNIFER GORDON-SMITH;
BRANDIE HENSMAN;
LINDA MARTINEZ; and
BOBBI ARNOLD,

    Plaintiffs,

vs.

JERRY BALDWIN;
RICK SOARES;
JOHN BONGIRNO;
MIKE ARELLANO;
MARK THOMAS;
GIL WALKER;
DICK MILLS; and
GRW, a corporation,

    Defendants.

## ORDER

THIS MATTER is before the Court on Defendants' Motion to Dismiss with Prejudice Claims Alleged by Plaintiff Brandie Hensman for Failure to Prosecute (filed January 7, 2008). The Motion was referred to Magistrate Judge Hegarty by Order of Reference of December 20, 2005 and Memoranda dated January 8, 2008.

On February 5, 2008, Magistrate Judge Hegarty issued a Recommendation on Defendants' Motion to Dismiss, recommending that Defendants' motion be granted. He found that since counsel withdrew their representation of Plaintiff Hensman, mail and Orders from the Court to Ms. Hensman have been returned as undeliverable, including the

Order requiring Ms. Hensman to respond to Defendants' Motion to Dismiss. The Recommendation advised that the parties had ten days after service thereof to fie objections. The Recommendation was returned as undeliverable and no objections have been filed to the Recommendation.

No objections having been filed, I am vested with discretion to review the recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). Since Plaintiff Hensman did not receive a copy of the Recommendations, I will nonetheless review the Recommendation on a de novo basis to ensure that Ms. Hensman's rights have been adequately protected.

Having reviewed the Recommendation, I find that it is well reasoned and that it should be affirmed. As the Recommendation notes, FED. R. CIV. P. 41(b) allows a defendant to move to dismiss an action for failure to prosecute or failure to comply with a court order. Recommendation at 2. Magistrate Judge Hegarty considered the proper factors in determining the proper sanction in this case and concluded that dismissal of Plaintiff Hensman's claims is appropriate. *Id.* at 3.

Specifically, the Recommendation noted the following: (1) Defendants are prejudiced by Ms. Hensman's failure to participate in this lawsuit in that they cannot test her allegations through discovery as she has yet to meaningfully participate in this action; (2) Ms. Hensman's failure to participate interferes with the judicial process by impeding the

Court's ability to bring a speedy and just resolution to this matter; (3) it was Plaintiff's responsibility to remain in contact with her counsel and/or with the Court and Ms. Hensman has not provided current contact information to the Court as required by D.C.COLO.LCivR 10.1; (4) Ms. Hensman has received warnings through the filing of Defendants' Motion, the Court's Order to respond, and through the Recommendation; and (5) no lesser sanctions can be deemed effective given the Court's inability to locate Ms. Hensman and her apparent lack of interest in this lawsuit. I find merit to and agree with the above reasoning and conclude that dismissal is the proper sanction for Ms. Hensman's failure to prosecute her claims. Accordingly, it is

ORDERED that Magistrate Judge Hegarty's Recommendation on Defendants' Motion to Dismiss (filed February 5, 2008) is **AFFIRMED** and **ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion to Dismiss with Prejudice Claims Alleged by Plaintiff Brandie Hensman for Failure to Prosecute (Doc. # 188) is **GRANTED**. Plaintiff Brandie Hensman's claims against all Defendants are **DISMISSED WITH PREJUDICE** for failure to prosecute.

Dated: February 22, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge